# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **ARIE KRAKOWSKI,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:16-cv-00370-TLS-SLC** |
| ) | |
| **METALLOID CORPORATION,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Plaintiffs Arie Krakowski and Burr Held S.A.R.L. filed a complaint against Defendants Metalloid Corporation, Shrieve Chemical Products, Inc., and Fred Edwards on October 20, 2016, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint recites, among other things, that Plaintiff Burr Held S.A.R.L. is a "private French limited liability company . . . owned 91% by Mr. Krakowski (indirectly through a holding company) and 9% by Defendant Metalloid Corporation." (DE 1 ¶ 2).

The complaint's allegations are insufficient to establish diversity jurisdiction. If Burr Held S.A.R.L. is similar to a U.S. limited liability company, it would have the citizenship of each of its members, including Defendant Metalloid Corporation, and diversity jurisdiction would not exist. *See Fellowes, Inc. v. Changzhou Zinrui Fellowes Office Equip. Co., Ltd.*, 759 F.3d 787, 790 (7th Cir. 2014) (holding that the defendant was closer to a limited liability company than to any other business structure in this nation, and thus, it had the Illinois citizenship of its member, which prevented litigation under diversity jurisdiction); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (remanding case to the district court with instructions to resolve the citizenship of the plaintiff, a French S.A.R.L.); *Bou-Matic, LLC v. R.J. Fullwood & Blanc,*

*Ltd.*, No. 08-cv-441-bbc, 2008 WL 4691831, at *2 (W.D. Wis. Oct. 22, 2008) ("Although it may be unlikely that [a] foreign . . . limited liability company would have citizenship overlapping [D]efendant's, the possibility remains, and it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present.").

A second deficiency also exists, as Plaintiffs failed to identify the name and citizenship of the "holding company" that partially owns Burr Held S.A.R.L. *See, e.g.*, *Bou-Matic, LLC*, 2008 WL 4691831, at *2 (directing plaintiff to allege the identity and citizenship of each of the members of a British limited liability company); *see also Principle Solutions, LLC v. Feed.ing BV*, No. 13-C-223, 2013 WL 2458630, at *2 (E.D. Wis. June 5, 2013) (addressing the citizenship of a Dutch limited liability company). Citizenship must be "traced through multiple levels" for those members who are a limited liability company or partnership, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the parties seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Plaintiffs are afforded to November 7, 2016, to file an amended complaint that adequately alleges the citizenship of each party and, if Burr Held S.A.R.L. and Metalloid Corporation are still named as parties, to file a brief asserting why this action should not be dismissed for lack of diversity jurisdiction.

SO ORDERED. Entered this 24th day of October 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge